■ In the Matter of MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Respondent, v TRANSPORT WORKERS UNION OF AMERICA et al., Appellants.—In a proceeding pursuant to CPLR 7511 to vacate arbitration awards, the appeal, as limited by the appellant's brief, is from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Huttner, J.), dated March 15, 1990, as granted the petition to vacate the first three awards contained in the "Supplemental Opinion and Award" dated August 28, 1989, and denied their cross petition to confirm those awards.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The appellant Transport Workers Union of America (hereinafter the TWU), as party to the collective bargaining agreement with the petitioner Manhattan and Bronx Surface Transit Operating Authority (hereinafter the Authority), filed grievances concerning employees' sick leave. The matter eventually went to an arbitrator, who found for the TWU.

The Authority petitioned to vacate the awards pursuant to CPLR 7511 (b) (1) (iii), claiming, in essence, that the arbitrator ignored the language of the contract and rewrote its provisions, in excess of his authority. The TWU cross-petitioned to confirm the awards, asserting that the arbitrator interpreted the contract correctly. Supreme Court, agreeing with the Authority, vacated the awards. This appeal ensued.

The arbitrator found, in pertinent part:

"1. Operating Authority employees have the right to request unpaid sick leave even if paid sick leave is available to them.

"2. Regarding absences of one or two days, the Operating Authority may require doctor's lines *only (i.e.,* medical proof forms may not be required) for paid leave and may not impose any form of medical proof for applications for unpaid leave.

"3. Regarding unpaid leave of more than two days, the Operating Authority may not impose any form of medical proof. This finding extends to applications for unpaid leave in excess of five days".

Section 6.1 (B) of the collective bargaining agreement specifically denies the arbitrator the authority to "amend, modify or change" the agreement, or to interfere with the Authority "in operating, controlling, and directing the maintenance and operation of the transit facilities, or with the * * * Authority's managerial responsibility to run the transit lines safely, efficiently, and economically". The Authority argues that the arbitrator, in finding that Authority employees had the right to request unpaid sick leave even if paid sick leave was available to them, changed the agreement by adding a new employee right which makes it "virtually impossible" for the Authority to "control the utilization of sick leave by its employees in order to operate more efficiently and to preserve its scarce revenues". We agree that the arbitrator exceeded his authority by modifying the agreement so as to grant the employees a right not provided to them by the agreement. The Supreme Court, therefore, properly vacated this determination (see, Matter of Silverman [Benmor Coats], 61 NY2d 299; Matter of Albany County Sheriff's Local 775 [County of Albany], 63 NY2d 654, 656).

Further, the collective bargaining agreement clearly states in section 6.2 (U) (4), in relevant part, that "Sick pay will be payable beginning the first day of illness. Doctor's lines will be required on the first day of illness. However, the location chief may waive this requirement at his/her discretion" (emphasis supplied). Use of the word "payable" in the first sentence, as opposed to use of the word "paid", is evidence that this section recognizes that the sick leave referred to may be paid or unpaid. Thus, the requirement that doctor's lines be provided applies to both paid and unpaid sick leave. The arbitrator, in finding that doctor's lines were not required for unpaid sick leave of one or two days, ignored the plain language of this section, and, in doing so, violated section 6.1 (B) of the agreement. The Supreme Court, therefore, properly vacated this determination (see, Matter of Silverman [Benmor Coats], supra; Matter of Albany County Sheriff's Local 775 [County of Albany], supra, at 656).

The agreement further provides in section 6.2 (U) (10) that: "Every application for sick leave, whether with or without pay, for more than two (2) days, must be accompanied by medical proof satisfactory to the Operating Authority, and

upon a form to be furnished by the Operating Authority". The arbitrator's finding that no medical proof is required ignores the plain language of the agreement. In this respect, we reject the TWU's argument that the above clause is in conflict with section 6.2 (E) (2), and that the arbitrator was thus required to interpret the contract based on past practices. Section 6.2 (E) (2) clearly states "An employee who is off between three (3) and five (5) days, inclusive, may be required to produce a doctor's certificate if the Authority deems it necessary *or if required by Section U*" (emphasis supplied). Accordingly, this finding also improperly altered the collective bargaining agreement, and the Supreme Court properly vacated this determination as well *(see, Matter of Silverman [Benmor Coats], supra; Matter of Albany County Sheriff's Local 775 [County of Albany], supra).* Rosenblatt, J. P., Eiber, O'Brien and Ritter, JJ., concur.