In the Matter of the Arbitration between MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant, and TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO, LOCAL 100, et al., Respondents. [644 NYS2d 116] —Order unanimously reversed on the law without costs, petition granted and awards vacated. Memorandum: We conclude that Supreme Court should have granted the petition and vacated the arbitration award of Arbitrator Collins. Section 6.2 M (4) of the parties' collective bargaining agreement (agreement) provides that "[a]n employee in the Operating Authority who has been continually absent without leave for a period of 20 days shall after written notice, be considered to have resigned". The grievant was absent from work during an eight-month prison term in connection with the death by starvation of his seven-year-old adopted son. The arbitrator reinstated grievant on the grounds that his absence was involuntary and that, while in prison, he expressed an intention to return to work. Despite the express language of section 6.2 M (4), the arbitrator limited petitioner's right under the agreement to dismiss an employee who is absent without leave to situations in which an employee

intends to abandon the job. The arbitrator thereby "exceeded his authority by modifying the agreement so as to grant the employees a right not provided to them by the agreement" (*Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Transport Workers Union,* 182 AD2d 624, 625; *see,* CPLR 7511 [b] [iii]).

Additionally, the court should have vacated the award because it " 'clearly exceeds a specifically enumerated limitation on the arbitrator's power' [citations omitted]" (*Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Transport Workers Union,* 182 AD2d 626, 627, *lv denied* 80 NY2d 755). The agreement provides that the arbitrator "shall not have the authority to render any opinion or make any recommendations * * * (b) limiting or interfering in any way with the statutory powers, duties, and responsibilities of the Operating Authority in operating, controlling, and directing the maintenance and operation of the transit facilities, or with the Operating Authority's managerial responsibility to run the transit lines safely, efficiently, and economically". By limiting petitioner's right to discharge employees who absent themselves without leave for substantial periods of time, whatever the reason, the arbitrator limited and interfered with petitioner's ability to operate safely, efficiently and economically (*see, Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Transport Workers Union, supra,* at 628). Under the arbitrator's interpretation, employees absent without leave for long periods of time could not be replaced and the orderly scheduling of drivers would be nearly impossible.

We therefore reverse the order and grant the petition, vacating the Collins award and vacating as academic the Hartnett award. (Appeal from Order of Supreme Court, Kings County, Kramer, J.—Arbitration.) Present—Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.