■ In the Matter of PROFESSIONAL TRADE SHOW SERVICES, INC., Appellant, v LICENSED USHERS AND TICKET TAKERS LOCAL

UNION 176 OF THE SERVICE EMPLOYEES, INTERNATIONAL UNION, AFL-CIO, Respondent. [692 NYS2d 26] —Order (denominated judgment), Supreme Court, New York County (Ira Gammerman, J.), entered November 18, 1998, which denied petitioner Professional Trade Show Services, Inc.'s petition to vacate an arbitration award pursuant to CPLR 7511, and granted the cross motion by respondent Licensed Ushers and Ticket Takers Local Union 176 of the Service Employees, International Union, AFL-CIO to confirm the same arbitration award pursuant to CPLR 7510, unanimously reversed, on the law and facts, with costs and disbursements, the cross motion to confirm denied and the petition to vacate the award granted.

Petitioner Professional, which is a corporation engaged in providing ticket taking, badge checking and admission control services at trade shows, entered into a collective bargaining agreement with Local 176. This agreement required Professional to employ members of Local 176 to perform ticket taking services for events at the Jacob K. Javits Convention Center. The agreement also contained a provision requiring that disputes between the parties be resolved by arbitration. Nonparty RAV Investigative Services, Ltd. is another corporation in the business of providing private investigative and security services. RAV has a collective bargaining agreement with Local Union 177 of the Service Employees Union, which represents security personnel at the Javits Center. Both corporations have the same president, Ron Allen, who is also the sole shareholder of RAV, but not of Professional.

Professional and RAV submitted separate bids to producers of shows at the Javits Center to provide services at such shows. In several instances, the show producers elected to hire RAV and not Professional. Thus, Local 177 security guards employed by RAV rather than Local 176 ticket takers employed by Professional performed the ticket taking services at such shows. When the dispute was submitted to the arbitrator, it was clearly specified that RAV and Professional were "two separate corporations." However, the arbitrator sustained Local 176's grievance and essentially directed Professional to pay Local 176 members the wages they lost as a result of the performance of ticket taking services by Local 177 members employed by RAV, although the arbitrator referred to Professional and RAV as "separate" entities and noted the companies did not have the same ownership. The arbitrator did not make any finding that Professional and RAV were alter egos of each other or of Ron Allen.

While an award of an arbitrator "may not be vacated unless

it is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Town of Callicoon [Civil Serv. Empls. Assn.]*, 70 NY2d 907, 909), the award herein *was* clearly lacking in a rational basis and accordingly, we vacate. In addition, the arbitrator exceeded the power granted him by the parties' Agreement (which specifically provides that "the arbitrator shall not have power to add to or subtract from or modify any of the terms of this agreement") by effectively reading into the Agreement an additional obligation of Professional to guaranty that RAV, another employer, would employ Local 176 members for work at the Javits Center. Finally, an award disregarding, without any discernible basis, the separate legal existence of two corporations to the extent of holding each responsible for the other's contractual obligations in conduct, violates public policy. Concur—Sullivan, J. P., Nardelli, Wallach and Saxe, JJ.