In the Matter of NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, v TRANSPORT WORKERS' UNION OF AMERICA, LOCAL 100, AFL-CIO, et al., Appellants. [787 NYS2d 80]—

In a proceeding pursuant to CPLR article 75 to vacate so much of an arbitration award dated September 23, 2002, as, after a hearing, reduced the penalty imposed by the petitioner New York City Transit Authority on an employee from dismissal to a time-served suspension, and directed the petitioner to reinstate the employee to his former position, the appeal is from an order and judgment (one paper) of the Supreme Court, Kings County (Knipel, J.), dated June 13, 2003, which granted the petition and vacated the arbitration award.

Ordered that the order and judgment is affirmed, with costs.

Franklin Woodruff, an employee of the petitioner New York City Transit Authority (hereinafter the NYCTA), was dismissed from his employment as a stock handler when he did not provide a sufficient urine specimen for a drug screening, as required under the collective bargaining agreement (hereinafter the CBA) between the petitioners and the appellant Transport Workers' Union of America, Local 100, AFL-CIO (hereinafter the TWU).

Woodruff's actions were "deemed a refusal." Section 6.2 of Appendix E-1 of the CBA provided that the "[r]efusal to take such [drug screening tests] will be deemed an admission of improper use of Controlled Substances or Drugs and will result in dismissal from service."

The TWU appealed Woodruff's dismissal to an arbitrator. Following a hearing, the arbitrator concluded that Woodruff "constructively failed to comply with the legitimate request by the [NYCTA] for a urine test." However, the arbitrator concluded that such failure did not warrant termination of Woodruff's 22-year employment. Thus, the arbitrator reduced the penalty from dismissal to that of a time-served suspension and directed his reinstatement to his former position with no back pay.

The petitioners commenced this proceeding to vacate so much of the arbitration award as reduced the penalty imposed from dismissal to a time-served suspension and directed the NYCTA to reinstate Woodruff to his former position. According to the petitioners, the arbitrator exceeded his authority by imposing a lesser penalty. In this regard, the CBA specifically provided, in relevant part, that the arbitrator "shall have the authority to decide all grievances and complaints but he/she shall not have the authority to render any opinion or make any recommendations . . . which amend, modify or change this Agreement or any of its terms." The Supreme Court granted the petition upon finding that the arbitrator had exceeded his authority.

An arbitration award may not be vacated unless it is violative of a strong public policy, is irrational, or clearly exceeds a specific limitation on an arbitrator's power (*see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]; *Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907, 909 [1987]). As properly determined by the Supreme Court, the arbitrator exceeded his authority under the CBA (*see Matter of Professional Trade Show Servs. v Licensed Ushers & Ticket Takers Local Union 176 of Serv. Empls., Intl. Union, AFL-CIO*, 262 AD2d 42, 44 [1999]; *Matter of New York City Tr. Auth. v Transport Workers Union of Am.*, 239 AD2d 421 [1997]; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Transport Workers Union of Am., AFL-CIO, Local 100]*, 227 AD2d 995, 995-996 [1996]; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Transport Workers Union of Am.*, 182 AD2d 624, 625 [1992]). By determining that Woodruff had "constructively failed to comply with the legitimate request by the [Transit] Authority for a urine test," the arbitrator added

to the CBA an additional infraction, which he termed a "failure" to comply. The arbitrator then fashioned a penalty for this new infraction. These actions by the arbitrator constituted an amendment, modification, or a change in the CBA, in excess of his authority. We disagree with our dissenting colleague that "it was sheer speculation by the Supreme Court to conclude that the award embodied an excess of power." To the contrary, the record clearly reflects that the arbitrator exceeded his power by creating the infraction of "failure" to comply and imposing a lesser penalty. Therefore, the Supreme Court properly granted the petition and vacated the arbitration award (*see* CPLR 7511 [b] [1] [iii]). S. Miller, J.P., Smith and Rivera, JJ., concur.

Crane, J., dissents and votes to reverse the order and judgment, deny the petition, and dismiss the proceeding, with the following memorandum: Franklin Woodruff was an employee of the petitioner New York City Transit Authority (hereinafter the NYCTA) for 22 years. He was employed as a stock handler, a nonsafety sensitive employee. Woodruff sustained injuries in an on-the-job accident which caused him to be absent from work for over 21 days. Pursuant to section 5.3 of Appendix E-1 of the collective bargaining agreement between the NYCTA and the appellant Transport Workers' Union of America, Local 100, AFL-CIO (hereinafter the TWU), of which Woodruff was a member, he was required to undergo a drug test before returning to work. This test, administered pursuant to the rules and regulations of the United States Department of Transportation, required Woodruff to supply a urine sample of a specified quantity within a three-hour period (*see* 49 CFR 40.193 [b] [4]). After failing to provide this specimen, Woodruff was examined by a medical doctor who found no medical condition limiting his ability to urinate (*see* 49 CFR 40.193 [d] [2]). His failure to produce a urine specimen within the allotted time was deemed a "refusal" to undergo the drug test. He was dismissed from service as mandated by the Drug and Controlled Substances Policy incorporated in Appendix E-1 of the collective bargaining agreement.

After filing a grievance, the TWU ultimately brought Woodruff's dismissal to arbitration. The collective bargaining agreement gives the arbitrator "authority to decide all grievances and complaints but he/she shall not have the authority to . . . amend, modify or change [the] Agreement or any of its terms." The arbitrator rendered an award that failed to make a finding that Woodruff's behavior was or was not a refusal to take the drug test. Instead, the arbitrator found that Woodruff's failure to supply the urine specimen was caused by his own actions in

urinating beforehand. Thus, the arbitrator determined that Woodruff "constructively failed to comply with the legitimate request by the Authority for a urine test" and "violated a legitimate rule and regulation with regard to the testing." The arbitrator found that termination was inappropriate for this failure and penalized Woodruff with loss of back pay upon his reinstatement.

The petitioners brought this proceeding pursuant to CPLR 7511 (b) (1) (iii) to vacate the award, limited to the ground that it was made in excess of the arbitrator's power. The petitioners never invoked that branch of CPLR 7511 (b) (1) (iii) that provides for vacatur for the arbitrator's imperfect execution of the award such that "a final and definite award upon the subject matter submitted was not made." The Supreme Court granted the petition and vacated the award, recognizing that the arbitrator had not ruled on whether Woodruff's failure to provide the required specimen constituted a refusal to undergo the drug test. Nevertheless, the Supreme Court found that the arbitrator created a new category of infraction, namely, a constructive failure to comply, which modifies the collective bargaining agreement and creates a lesser penalty than dismissal. The Supreme Court held that such a determination was in excess of the arbitrator's power.

Because the arbitrator never ruled on the central question presented to him, and therefore, never found that Woodruff was guilty of a "refusal," it was sheer speculation by the Supreme Court to conclude that the award embodied an excess of power to the prejudice of the petitioners. Therefore, I disagree with an affirmance. At best, the arbitrator imperfectly executed the award. But, the petitioners did not invoke this ground for vacating it. Consequently, I would deny the petition resting on the sole ground of excess of authority.

In order to vacate an award on the ground that the arbitrator exceeded his or her power, the award must represent a completely irrational construction of the agreement, in effect making a new agreement for the parties (see Matter of National Cash Register Co. [Wilson], 8 NY2d 377, 383 [1960]; Weinstein-Korn-Miller, NY Civ Prac ¶ 7511.17b). On a motion to vacate an award a "court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Indeed, even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice" (Matter of New York State Correctional Officers & Police Benevolent Assn. v

*State of New York,* 94 NY2d 321, 326 [1999]; *see* Weinstein-Korn-Miller, NY Civ Prac ¶ 7511.17a).

The award here was not irrational, and the petitioners never alleged that it was. The petitioners failed to challenge the arbitrability of the issue presented to the arbitrator (*see* CPLR 7503). They "may not revive what is, in actuality, a challenge to arbitrability in another guise. By submitting to arbitration, the [petitioners] ran the risk that the arbitrator would find [that Woodruff's failure to pass sufficient urine was not a refusal]" (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.,* 1 NY3d 72, 83 [2003]). Once the arbitrator was free to make such a determination, he was also licensed to fashion an appropriate remedy (*see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N. Y., supra*), despite the enumerated contractual limitation on his power (*see Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit],* 70 NY2d 907, 909 [1987]; *Matter of National Coverage Corp. [Kulesh],* 202 AD2d 368 [1994]).

If anything, the arbitrator, if he actually found that Woodruff did not refuse a drug test, exceeded his power by imposing punishment on him nonetheless, namely the loss of back pay upon reinstatement. Yet, the TWU does not complain, and the TWU is the only party that can be said to have been prejudiced by the arbitrator exceeding his power in this way (*see* CPLR 7511 [b] [1] [iii]; Weinstein-Korn-Miller, NY Civ Prac ¶ 7511.12).

Finally, by eschewing the only viable ground for vacating this award—that it was so imperfectly executed that a final and definite award on the subject matter was not made—the petitioners discarded the opportunity for a new hearing and determination by the arbitrator (*see* CPLR 7511 [d]). Consequently, since the petitioners did not sustain the sole ground on which their petition was founded—that the arbitrator exceeded his powers—the petition should have been denied and the proceeding dismissed.