◼ Michael Fishman (Successor to Gus Bevona), as President of Local 32B-32J, Service Employees International Union, AFL-CIO, Respondent, v Roxanne Management, Appellant. [806 NYS2d 541]—

Order and judgment (one paper), Supreme Court, New York County (Joan A. Madden, J.), entered June 25, 2004, which confirmed an arbitration award arising out of respondent's discharge of a union employee, ordered the grievant's reinstatement to his prior position as a building employee and directed that various payments be made to the grievant and to the union's fringe benefit funds, unanimously modified, on the law,

the direction to reinstate Juan Mendez to his former position of employment with Boshany Associates Ltd. vacated and that portion of the arbitration award vacated, and otherwise affirmed, without costs.

The arbitrator acted within his authority, as set forth in the broadly worded collective bargaining agreement, when he required Roxanne Management to make certain contributions on behalf of the petitioner and the employee, such contributions not having been made following the employee's wrongful discharge (*see Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 307 [1984]; *Integrated Sales v Maxell Corp. of Am.*, 94 AD2d 221, 225 [1983]). However, the arbitrator acted outside the scope of his authority by directing Roxanne to compel another company to hire the grievant.

Once a dispute has moved to arbitration, a party seeking to vacate the award has a heavy burden because questions of law and fact are merged in the award and are not within the power of the judiciary to resolve (*see North Syracuse Cent. School Dist. v North Syracuse Educ. Assn.*, 45 NY2d 195, 200 [1978]; *Integrated Sales*, 94 AD2d at 224).

It is equally well settled that a party who participates in an arbitration may seek to vacate an arbitration award only on the grounds that the rights of that party were prejudiced by corruption, fraud or misconduct in procuring the award, that the arbitrator lacked impartiality, that the arbitrator exceeded his power or failed to make a final or definite award, or that there was a procedural failure that was not waived (*see* CPLR 7511 [b] [1]; *Matter of Sims v Siegelson*, 246 AD2d 374, 376 [1998]). This Court in *Sims* also stated that an arbitrator's award will not be set aside even if it misapplies substantive rules of law, unless it violates strong public policy or is totally irrational (*id.*).

With respect to an arbitrator exceeding his power, "New York courts have uniformly held that an arbitrator exceeds his powers only when he ignores specific limitations on the powers delegated to him in the arbitration clause or he gives a completely irrational construction to the provisions of the parties' agreement, thereby effectively rewriting it" (*Integrated Sales*, 94 AD2d at 225; *see also Matter of Silverman*, 61 NY2d at 307 ["any limitation upon the power of the arbitrator must be set forth as part of the arbitration clause itself, for to infer a limitation from the substantive provisions of an agreement containing an arbitration clause calling for arbitration of all disputes arising out of the contract, or for arbitration in some other broadly worded formulation, is to involve the courts in

the merits of the dispute . . . in violation of the legislative mandate"]).

In the case at bar, the arbitration clause set forth in the subject collective bargaining agreement is broadly worded in that it confers authority to an arbitrator to "decide all differences arising between the parties to this agreement as to interpretation, application or performance of any part of this agreement." However, the record before Supreme Court and the record before the arbitrator are simply devoid of proof of any connection between Roxanne and nonparty Boshany. But for a single sentence in the arbitrator's "implementation opinion and award" of February 7, 2003, there is no reference to any connection between Roxanne and Boshany in the October 28, 2002 stipulation of facts which formed the bulk of the record. Nor is there any mention of such connection in our prior decision in this case (280 AD2d 254 [2001]).

Finally, it is uncontested that the grievant was offered reinstatement through Boshany in a proposed settlement in December of 2003, more than 10 months after the arbitrator issued his decision. Thus, it would be impossible for this settlement offer to have been the basis for the inclusion of Boshany in that decision.

We recognize that the arbitrator's discretion is extremely broad but in the instant case, he was without authority to direct Roxanne to compel a nonparty to reinstate the grievant. Concur—Saxe, J.P., Ellerin, Williams, Catterson and Malone, JJ.