CANTOR FITZGERALD SECURITIES, Respondent, v REFCO SECURITIES, LLC, Appellant. REFCO SECURITIES, LLC, Appellant, v CANTOR FITZGERALD SECURITIES, Respondent. [922 NYS2d 312]—

Judgments, Supreme Court, New York County (Barbara Jaffe, J.), entered August 3, 2010 and August 9, 2010, which denied the petition to vacate an arbitration award, granted the petition to confirm the same award, and awarded petitioner-respondent

Cantor Fitzgerald Securities the principal amount of $11,193,466 plus interest, unanimously affirmed, without costs.

Judicial review of the award in this matter is governed by the Federal Arbitration Act (FAA) (9 USC § 1 *et seq.*), which mandates the enforcement of written arbitration agreements relating to transactions affecting interstate commerce (*see* 9 USC § 2; *see also Matter of Salvano v Merrill Lynch, Pierce, Fenner & Smith*, 85 NY2d 173, 180 [1995]). It is undisputed that none of the grounds for vacating an arbitration award set forth in the FAA applies here (*see* 9 USC § 10 [a]). Contrary to Cantor's contention, the judicially-created "manifest disregard of the law" ground for vacating an arbitration award under the FAA is still viable, notwithstanding the Supreme Court's decision in *Hall Street Associates, L.L.C. v Mattel, Inc.* (552 US 576, 585 [2008]; *see Stolt-Nielsen S. A. v AnimalFeeds Int'l Corp.*, 559 US —, — n 3, 130 S Ct 1758, 1768 n 3 [2010]; *see generally Gemstar-TV Guide Intl., Inc. v Yuen*, 61 AD3d 478, 479 [2009], *lv denied* 13 NY3d 701 [2009]).

Here, the arbitration award was properly confirmed since there was no showing that the arbitration panel manifestly disregarded the law or exceeded its authority. Specifically, there is no basis to conclude that the panel ignored or refused to apply controlling and explicit law on the issue of lost volume sellers. Even if the panel erred in making its legal conclusion on that issue or failed to understand the law, such error does not equate to a manifest disregard for the law (*see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 480-486 [2006], *cert dismissed* 548 US 940 [2006]).

The panel's interpretation of the parties' fee agreement, particularly that appellant had an obligation to make the payments and that its failure to do so was a breach of the agreement, was supported by the agreement's plain language and the uncontroverted testimony of Cantor Fitzgerald's witness. In any event, the manifest disregard standard does not permit review of the panel's interpretation of the parties' agreement even if that interpretation was erroneous (*see T.Co Metals, LLC v Dempsey Pipe & Supply, Inc.*, 592 F3d 329, 339 [2d Cir 2010]).

We have considered appellant's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Friedman, Abdus-Salaam and Román, JJ.