■ HOWARD KUDLER, Respondent, v BARRY TRUFFELMAN et al., Appellants. HOWARD KUDLER, Appellant, v BARRY TRUFFELMAN et al., Respondents. [941 NYS2d 44]—

Order and judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 3, 2010, which granted petitioner's motion to confirm and amend an arbitration award, and denied respondents' cross motion to vacate the award, unanimously modified, on the law, to the extent of vacating the award of punitive damages assessed against respondents, vacating the award of attorney's fees, vacating the arbitrator's order that respondents assign certain life insurance policies to petitioner and directing that the policies be reassigned to respondents, and otherwise affirmed, without costs. Appeals from orders, same court and Justice, entered September 21, 2010, September 27, 2010, and January 7, 2011, which, respectively, directed respondents to pay any and all loans taken out by them on the subject life insurance policies, modified certain income executions to exclude the face value of the assigned life insurance policies, and denied petitioner's request for an order directing respondents to repay all outstanding loans on the life insurance policies, unanimously dismissed, without costs, as moot.

As the partnership agreement between the parties did not involve interstate commerce, and was not covered by the Federal Arbitration Act, the award of punitive damages was improper under the rule in Garrity v Lyle Stuart, Inc. (40 NY2d 354 [1976]), which, unless preempted, prohibits arbitrators from awarding punitive damages under New York public policy.

The court erred in confirming the arbitrator's decision to

award petitioner the assignment of the insurance policies taken out on his life by the partnership. The arbitrator exceeded her powers and gave a completely irrational construction to the provisions of the partnership agreement, thereby effectively rewriting it in a manner that was unjust and in violation of the spirit of the agreement (see Matter of Turner [Booth Mem. Med. Ctr.], 63 NY2d 633 [1984]; Fishman v Roxanne Mgt., 24 AD3d 365, 366 [2005]; Integrated Sales v Maxell Corp. of Am., 94 AD2d 221, 225 [1983]). The arbitrator also exceeded her powers in this matter by ordering respondents to pay any and all loans taken out by them on those assigned life insurance policies. The court otherwise properly declined to vacate the arbitration award in part or in its entirety, and, contrary to petitioner's claim, properly excluded the face value of the assigned policies from the income executions. In this regard, since there was no clearly prevailing party, the award of attorney's fees was unwarranted (see Nestor v McDowell, 81 NY2d 410, 415-416 [1993]; Village of Hempstead v Taliercio, 8 AD3d 476 [2004]).

In light of the fact that the arbitration award was completely irrational to the extent it ordered respondents to assign the life insurance policies to petitioner and to the extent it further ordered respondents to pay back the loans taken out by them on those assigned policies, and must be modified to the extent of reassigning those policies to respondents, the appeals from the subsequent orders with respect to respondents' obligation to pay the loans on the policies are moot.

We have considered the parties' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Acosta and Abdus-Salaam, JJ.