Matter of Capital Enters. Co. v Dworman (2019 NY Slip Op 04494)





Matter of Capital Enters. Co. v Dworman


2019 NY Slip Op 04494


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Friedman, J.P., Richter, Kahn, Singh, JJ.


653961/16 9687N

[*1]9688N In re Capital Enterprises Co., Petitioner,
v
Alvin Dworman, Respondent-Respondent. 
Sachs Investing Company, et al., Nonparty Appellants.
In re Capital Enterprises Co., Petitioner-Appellant,
v
Alvin Dworman,


Morrison Cohen, LLP, New York (Y. David Scharf of counsel), for Capital Enterprises Co., appellant.
Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola (Thomas J. McGowan of counsel), for Sachs Investing Company and Sachs Properties Company, appellants.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., New York (Christopher J. Sullivan of counsel), for respondent.



Orders, Supreme Court, New York County (Jennifer G. Schecter, J.), entered January 8, 2019, which denied petitioner's motion to vacate an arbitration award and granted respondent's motion to confirm the award, and denied nonparty appellants' (Sachs) motion to vacate the award, unanimously affirmed, without costs.
The arbitrator did not exceed his authority in ordering the dissolution of the parties' partnership or in the manner in which he ordered the dissolution. The issue is within the scope of the arbitration clause, and was before the arbitrator in the statement of claim and throughout the hearing, and the arbitrator had broad discretion to fashion the remedy (Matter of Silverman [Benmor Coats], 61 NY2d 299, 308 [1984]).
The remedy was not an improper punitive award (see Kudler v Truffelman, 93 AD3d 549 [1st Dept 2012], lv denied 19 NY3d 815 [2012]). The arbitrator fashioned a remedy that appeared fair to all parties, and treated all parties the same.
The arbitrator did not improperly hold petitioner vicariously liable for the acts of nonparty Carard Management Company. It held petitioner liable for its use of its control over Carard to loot the partnership (cf. Matter of Professional Trade Show Servs. v Licensed Ushers & Ticket Takers Local Union 176 of Serv. Empls., Intl. Union, AFL-CIO, 262 AD2d 42, 44 [1st Dept 1999] [award that read into the arbitration agreement an additional obligation of one company to guaranty that another, separate company would employ members of union local for work was irrational and violated public policy by "disregarding, without any discernible basis, the separate legal existence of two corporations to the extent of holding each responsible for the other's contractual obligations in conduct"]).
The arbitrator appropriately addressed the issue of respondent's mental state, and was not required to inquire further, especially because it was petitioner that argued in favor of respondent's capacity.
Petitioner's evidentiary challenges, mainly attacks on the arbitrator's credibility findings and interpretation of agreements, are beyond the scope of our review (Matter of NRT N.Y. LLC v Spell, 166 AD3d 438, 438—439 [1st Dept 2018]).
Nonparty appellants, which are partners in petitioner, lack standing to challenge this arbitration, as they could not have brought the claims (in any forum) originally (see generally Auerbach v Bennett, 47 NY2d 619, 626, 628 [1979]). Further, they waived any objection to the arbitration by failing to take any action, despite knowing of the arbitration and monitoring it from its inception (see Jin Ming Chen v Insurance Co. of the State of Pa., 165 AD3d 588, 589 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK