Matter of Nexia Health Tech., Inc. v Miratech, Inc. (2019 NY Slip Op 07701)





Matter of Nexia Health Tech., Inc. v Miratech, Inc.


2019 NY Slip Op 07701


Decided on October 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2019

Friedman, J.P., Kapnick, Oing, Singh, JJ.


10194 654151/18

[*1] In re Nexia Health Technologies, Inc., formerly known as Nightinggale Informatix Corp., Petitioner-Appellant,
v
Miratech, Inc., Respondent-Respondent.


Gibson, Dunn & Crutcher LLP, New York (Randy M. Mastro of counsel), for appellant.
Greenberg Traurig, LLP, New York (Caroline J. Heller and Timothy C. Bass of the bar of the State of Maryland, the State of Virginia, and the District of Columbia, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about May 20, 2019, which denied petitioner's petition to vacate a final arbitration award dated August 10, 2018 and granted respondent's cross motion to confirm the award, unanimously affirmed, without costs.
Petitioner commenced this special proceeding to vacate an arbitration award rendered in New York. Supreme Court denied the petition to vacate and granted respondent's cross motion to confirm the award.
Petitioner is a Canadian software company. Respondent is an IT company headquartered in Delaware. In 2012, petitioner decided to upgrade its software as it was having trouble upgrading it on its own. After some meetings and discussions, the parties entered into a letter of intent on June 23, 2015.
The letter of intent contemplated that respondent would help petitioner in phases, labelled Phase 0 through Phase 3. Phase 0 would be billed at a flat fee of $45,000 while the further phases would each be billed on a "Time and Material" basis. Petitioner paid respondent the agreed-on fee for Phase 0. It also paid respondent for Phase 1.
On or about January 1, 2016, the parties entered into a Master Services Agreement (MSA).
Respondent performed the Phase 2 work, but petitioner failed to pay. When respondent asked where the parties stood on unpaid invoices, petitioner replied, "Will pay you in time. But don't rock the boat at this critical time."
When petitioner refused to pay, respondent brought an arbitration action for payment. The arbitrator awarded the respondent for work done for Phases 2 and 3. The arbitrator found that the MSA depicts the scope of work done for Phase 2. He found that respondent was to be compensated for Phase 3 although there was no meeting of the minds as to the pricing of the work performed during Phase 3 as petitioner had been unjustly enriched by respondent's work during this phase.
At issue is whether the arbitrator manifestly disregarded the law in failing to apply the limitations of liability clause of the MSA to the damages awarded for Phase 2.
It is undisputed that the Federal Arbitration Act (FAA) applies to this dispute. "To modify or vacate an award on the ground of manifest disregard of the law, a court must find both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 481 [2006], cert dismissed 548 US 940 [2006] [internal quotation marks omitted]). "Vacatur on the basis of [*2]manifest disregard of a contract is appropriate . . . where the arbitral award contradicts an express and unambiguous term of the contract" (id. at 485 [internal quotation marks omitted]). Manifest disregard of the law is a "doctrine of last resort limited to the rare occurrences of apparent egregious impropriety on the part of the arbitrators" and is "severely limited" (Matter of Daesang Corp. v NutraSweet, 167 AD3d 1, 15-16 [1st Dept 2018], lv denied 32 NY3d 915 [2019] [citing to Wein, 6 NY3d at 480-481]; see also Dufreco Intl Steel Trading v T. Klaveness Shipping A/S, 333 F 3d 383, 390 [2d Cir 2003][holding that the error must be so egregious "that it would be instantly perceived as such by the average person qualified to serve as an arbitrator]).
A party seeking to vacate an award pursuant to 9 USC § 10(a)(4) "bears a heavy burden. It is not enough to show that the arbitrator committed an error — or even a serious error" (Oxford Health Plans LLC v Sutter, 559 US 564, 569 [2013]). Section 10(a)(4) "permits courts to vacate an arbitral decision only when the arbitrator strayed from his delegated task of interpreting a contract, not when he performed that task poorly" (id. at 572; see also id. at 573 ["Under § 10[a][4], the question for a judge is not whether the arbitrator construed the parties' contract correctly, but whether he construed it at all"]). "[C]ourts are obligated to give deference to the decision of the arbitrator . . . . This is true even if the arbitrator misapplied the substantive law in the area of the contract" (Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]).
When the arbitrators give at least "a barely colorable justification for the outcome reached," their finding stands (Matter of Daesang, 167 AD3d at 15 [1st Dept 2018]; see also id. at n 18 ["internal inconsistencies within an arbitral judgment are not ground for vacatur"]). Mere "error does not equate to a manifest disregard for the law" (Cantor Fitzgerald Sec. v Refco Sec., LLC, 83 AD3d 592, 593 [1st Dept 2011]; see also Wien, 6 NY3d at 483 ["[A]s long as the arbitrator is even arguably construing or applying the contract," the award should be upheld]).
Here, the arbitrator gave a colorable justification for the outcome reached. The arbitrator found that a correct reading of the clause "assumes that invoices and amounts due must have been paid and the clause limits liability upon payment in the ordinary course." Since no invoices were paid for Phase 2, the arbitrator reasoned that the limitation of liability clause did not limit the damages awarded to respondent for work performed under Phase 2. In reaching his conclusion, the arbitrator did not contradict an express term of the contract, rather, he interpreted it. Even if the arbitrator's interpretation was erroneous, it does not equate to manifest disregard of the law.
Moreover, the arbitrator did not exceed his authority, as he had the power to interpret the contract and decide the issues based on the parties' submissions. Finally, we find no reason to
reverse Supreme Court's affirmance of the arbitral award with regards to Phase 3 of the work.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 24, 2019
CLERK