| |
|---|
| **Bron v Fritch** |
| 2024 NY Slip Op 32439(U) |
| July 12, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650226/2024 |
| Judge: Margaret A. Chan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 49M

---------------------------------------------------------------------------X

IGOR BRON

                                Petitioner,

             - v -

MAUREEN FRITCH,

                          Respondent.

---------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650226/2024 |
| **MOTION DATE** | 01/17/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23
were read on this motion to/for          CONFIRM/DISAPPROVE AWARD/REPORT  .

      Petitioner Igor Bron seeks an order confirming the arbitration awards of the American Arbitration Association (AAA) dated August 25, 2023 ("the Partial Final Award") and January 4, 2024 ("the Final Award," and together with the Partial Final Award, "the Awards") pursuant to CPLR 7510, and entry of judgment thereon pursuant to CPLR 7514. Respondent/cross-petitioner Maureen Fritch opposes the motion and cross-petitions the court to vacate the Awards pursuant to CPLR 7511.

## Background

      There is no genuine dispute on the facts. As recounted in the Partial Final Award, the parties jointly owned E. Electric Contracting Inc. ("EEC"), an electrical contracting company and woman-owned business (NYSCEF # 3, Partial Final Award, at 3). Their respective duties and ownership interests were governed by an operating agreement most recently amended in 2016 ("the Amended Operating Agreement" or "AOA") (*id.* at 3, 5-6). Per this AOA, Fritch owned 51% of the company and had the authority to hire and fire, while Bron owned 49% and lacked that power (*id.* at 3). Among other things, the AOA required the parties to arbitrate all disputes before AAA (*id.* at 1-2).

      Eventually, the parties' relationship soured, leading Fritch to initiate arbitration against Bron on a laundry list of claims including breach of contract; misappropriation of EEC's supplies; fraud; kickbacks; breaches of fiduciary duty; diversion of corporate opportunity; fraudulent inducement; gross negligence; and destruction of evidence (*id.* at 11-22). Bron filed several counter-claims against Fritch, the most relevant of which were (1) breach of Fritch's fiduciary duty by

**650226/2024  BRON, IGOR vs. FRITCH, MAUREEN**          **Page 1 of 4**
Motion No.  001

1 of 4

causing EEC to overpay a construction company she owned (Fritch Construction Co., or "FCC"), effectively diverting funds from EEC to herself ("the Overpayment Claim"); and (2) breach of Fritch's fiduciary duty by using EEC's funds to pay an employee to secretly investigate Fritch's personal grievances against Bron ("the Investigation Claim") (*id.* at 23).

The arbitration proceeded before the Honorable Jonathan T.K. Cohen, Esq. ("the Arbitrator") (*id.* at 1). The Arbitrator conducted a 25-day hearing complete with witnesses, exhibits, and testimony, and accepted both pre- and post-hearing written submissions (*id.*).

On August 25, 2023, the Arbitrator issued the Partial Final Award, which denied all of Fritch's claims, granted in part Bron's two fiduciary duty claims, and denied the rest (*id.* at 32). The Arbitrator also awarded Bron money damages in the amount of $131,203 on the Overpayment Claim and $44,762 on the Investigation Claim, along with pre- and post-judgment interest at the statutory rate of 9% measured from August 1, 2021 (*id.* at 32 ¶ 3). The Arbitrator concluded by granting Bron legal and arbitration fees and costs but deferred deciding the actual amount for later proceedings (*id.* at 32 ¶ 5).

Several months later, on January 4, 2024, the Arbitrator issued the second, Final Award incorporating the Partial Final Award and awarding Bron $1,312,439.30 in legal fees and costs, and $98,012 in arbitration fees and costs (NYSCEF # 4, Final Award, at 9). The Final Award did not expressly mention interest.

Less than two weeks later, Bron commenced this Article 75 proceeding to confirm the Awards and enter a final judgment in his favor for:

> the total amount of $1,586,416.30, plus accruing pre-judgment interest of 9% per annum commencing on August 25, 2023 on the amount of $175,965.00 [the total award for the fiduciary duty claims] and on January 4, 2024 on $1,410,451.30 [the total legal and arbitration fees], with post-judgment interest at the statutory rate of 9% per annum continuing to accrue from the date of judgment until the date judgment is satisfied in full

(NYSCEF # 1).

Fritch timely filed an opposition along with an attorney affirmation purporting to be a cross-petition[1] to vacate the Awards (NYSCEF # 19, Respondent's Brief; NYSCEF # 12, "Cross-Petition"). In both documents, Fritch mixes legal arguments that the Arbitrator exceeded his power with a series of

---

[1] While there is some question as to whether the cross-petition is in proper form, these questions are ultimately irrelevant given that the petition makes the same arguments as the opposition to the Motion to Confirm.

**650226/2024  BRON, IGOR vs. FRITCH, MAUREEN**                                    **Page 2 of 4**
**Motion No.  001**

unsubstantiated allegations implying that Bron unduly influenced the Arbitrator into ruling in his favor (*see e.g.*, NYSCEF # 19 at 2, 9 ["potentially, [the Arbitrator] was scared or otherwise influenced]). Fritch ultimately asks that the fiduciary duty awards be vacated for exceeding the Arbitrator's authority; the legal/arbitration fee award be vacated as excessive; the attorneys fees should not accrue pre- or post-judgment interest; and finally, the Court should "make it crystal clear that the Arbitrator and AAA are currently divested of jurisdiction entirely" (NYSCEF # 19 at 11).

## Discussion

As the purpose of arbitration is to allow final and binding resolution of the parties' claims without resorting to the courts, "[i]t is a bedrock principle of arbitration law that the scope of judicial review of an arbitration proceeding is extremely limited" (*Frankel v Sardis*, 76 AD3d 136, 139 [1st Dept 2010]). Accordingly, an award will not be vacated "unless it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation on the arbitrator's power" (*id.*).

Here, Fritch has not met the heavy burden of showing the Awards should be vacated. Fritch argues that the Arbitrator's ruling on the Investigation Claim effectively strips her of the ability to hire and fire whomever she pleases, effectively rewriting the contract in excess of his authority (NYSCEF # 19 at 6-8). But the ruling had nothing to do with hiring or firing: the Arbitrator found that Fritch improperly used company funds to pay an employee to "pursu[e] grievances and investigations against Bron . . . not proper company business" (NYSCEF # 3, at 28). The Arbitrator based this ruling on evidence that the employee's salary "doubled in January 2020" during the same period that the employee "was asked to supervise different investigations of Bron that failed to uncover any material wrongdoing" (*id.*). Nothing about this ruling constitutes "a completely irrational construction to the provisions of the parties' agreement [that] effectively rewrite[es] it" (*Fishman v Roxanne Mgt.*, 24 AD3d 365, 366 [1st Dept 2005]).

Nor can Fritch show that that Arbitrator improperly ruled for Bron on the Overpayment Claim. The Arbitrator found credible the uncontroverted testimony of EEC project manager Sergeis Berlev. Berlev testified that any charges by subcontractors for "change orders" typically required his approval, but that between 2020 and 2021, EEC paid FCC for multiple "unauthorized change orders" over Berlev's objection (*id.* at 26-27). These payments inured "to the benefit of Fritch and the detriment of Bron" (*id.* at 26-27). Berlev used a "summary demonstrative chart" in his testimony that the Arbitrator found helpful (*id.*).

Fritch's only argument against Berlev's testimony is that Bron testified that he never objected to the overpayment when they were presented to him, thus waiving objections under an "accounts stated" theory of law (*id.* at 8-11). The

**650226/2024  BRON, IGOR vs. FRITCH, MAUREEN**
**Motion No.  001**

Page 3 of 4

problem with Fritch's theory is that accounts stated is inapposite. Fritch breached her fiduciary duty by using one of her companies to overcharge the other without informing Bron, thereby diverting to herself funds that otherwise would have been 49% Bron's. Nothing in her argument defeats these findings.

As for the legal and arbitration claims, Fritch asserts no legitimate legal argument that they are excessive. She simply makes conclusory and unsupported assertions that Bron was not the one paying his lawyers, the fees and costs "do[] not make any sense" because they are much larger than the underlying award, and that Bron's lawyer was unfairly expensive (NYSCEF # 19 at 11-12). She does not support any of these arguments with facts or law, and so this request is denied.

Relatedly, Fritch's argument that the legal and arbitration fees should not accrue interest is foreclosed by the clear mandates of statute: "Every money judgment shall bear interest from the date of its entry" (CPLR 5003). There is no exception in this language for judgments awarding legal or arbitration fees.

Finally, Fritch's request that the court rule that the Arbitrator and AAA are currently "divested of jurisdiction" does not make any sense, and the court will not translate this into a legally valid request on Fritch's behalf. The request is denied.

Accordingly, it is

ORDERED that the Petition is granted, and the Partial Final Award dated August 25, 2023, and the Final Award dated January 4, 2024, are hereby confirmed; it is further

ORDERED that the cross-petition to vacate the arbitration award is denied; and it is further

ORDERED that the Clerk shall enter judgment in the total amount of $1,586,416.30, plus accruing pre-judgment interest of 9% per annum commencing on August 25, 2023 on the amount of $175,965.00 (the total amount from the two fiduciary duty claims) and on January 4, 2024 on $1,410,451.30 (the total legal and arbitration fees), with post-judgment interest at the statutory rate of 9% per annum continuing to accrue from the date of judgment until the date judgment is satisfied in full, and costs and disbursements of this proceeding.

| 7/12/2024 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **MARGARET A. CHAN, J.S.C.** | | |
| **CHECK ONE:** | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

650226/2024 BRON, IGOR vs. FRITCH, MAUREEN
Motion No. 001

Page 4 of 4

[* 4]