Matter of Zurich Am. Ins. Co. v HBC US Holdings, Inc. (2025 NY Slip Op 00073)

Matter of Zurich Am. Ins. Co. v HBC US Holdings, Inc.

2025 NY Slip Op 00073

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Index No. 653530/21, 655777/21 Appeal No. 3416-3417-3418 Case No. 2022-00022, 2024-02639, 2024-03306 

[*1]In the Matter of Zurich American Insurance Company, Petitioner-Appellant,
v
HBC US Holdings, Inc., Respondent-Respondent.

HBC US Holdings, LLC, Petitioner-Respondent,
v
Zurich American Insurance Company, Respondent-Appellant.

Abrams Fensterman, LLP, White Plains (Robert A. Spolzino of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Judgment, Supreme Court, New York County (Alexander M. Tisch, J.), entered July 14, 2021, denying the petition to disqualify the Hon. James M. Catterson as an umpire in an arbitration proceeding between Zurich American Insurance Company and HBC US Holdings, LLC, and to order the selection of an alternative umpire, and dismissing the proceeding brought pursuant to CPLR article 75, unanimously affirmed, without costs. Judgment, same court and Justice, entered April 24, 2024, granting HBC a monetary award in its favor against Zurich, and bringing up for review an order, same court and Justice, entered on or about March 6, 2024, which granted HBC's petition to confirm an undated arbitration award rendered in favor of HBC and denied Zurich's petition to vacate the arbitration award, unanimously affirmed, without costs. Appeal from aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court properly concluded that Zurich failed to establish, by clear and convincing evidence, evident partiality of one of the arbitrators (see generally Matter of TCR Sports Broadcasting Holding, LLP v WN Partner, LLC, 40 NY3d 71, 85 [2023]). Evident partiality will be found when "a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration" (id. [internal quotation marks omitted]). The mere failure to disclose a potential relationship to one of the parties does not, in itself, constitute evident partiality, and the question for the court is whether the facts that were not disclosed suggest a material conflict of interest (see Scandinavian Reinsurance Co. v Saint Paul Fire & Marine Ins. Co., 668 F3d 60, 72 [2d Cir 2012]). Here, the evidence presented by Zurich does not establish that the arbitrator had a material conflict of interest, and we see no basis to find that a reasonable person would have to conclude that this arbitrator would be partial.
The court also properly concluded that Zurich failed to establish that the arbitration award should be vacated based on a manifest disregard of law. The interpretation of the applicable contract terms was within the province of the arbitrators, and the manifest disregard standard does not permit review of the panel's interpretation of the parties' contract even if we were to disagree with the interpretation (see Cantor Fitzgerald Sec. v Refco Sec., LLC, 83 AD3d 592, 593 [1st Dept 2011]). The record does not establish that the panel knew of a governing legal principle yet either refused to apply it or ignored it altogether (see generally Wein & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 480-481 [2006]). On the contrary, it is apparent from a review of the arbitration award that the panel considered the language of this contract and the authorities cited by Zurich and analyzed both extensively (see Matter of Abell v JetBlue Airways Corp., 134 AD3d 476, 477 [1st Dept 2015]).
We have considered Zurich's remaining arguments and [*2]find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025