Matter of CLSA Ams., LLC v Mayo (2025 NY Slip Op 03128)

Matter of CLSA Ams., LLC v Mayo

2025 NY Slip Op 03128

Decided on May 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 22, 2025

Before: Kern, J.P., González, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Index No. 650698/22|Appeal No. 4407-4408|Case No. 2024-04421 2024-05391|

[*1]In the Matter of CLSA Americas, LLC, Petitioner-Appellant,
v
Michael Mayo, Respondent-Respondent. 

Hebert Smith Freehills NY LLP, New York (Peter J. Behmke of counsel), for appellant.
McDermott Will & Emery LLP, New York (Gabrielle Lipsitz of counsel), for respondent.

Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered August 20, 2024, against petitioner and in favor of respondent in the total amount of $478,608.11, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about March 22, 2024, which denied petitioner's petition to vacate an arbitration award in a Financial Industry Regulatory Authority arbitration proceeding and granted respondent's cross-petition to confirm the award, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Petitioner maintains that Supreme Court should have reviewed the award under the Federal Arbitration Act (FAA) (9 USC § 1 et seq.) instead of the CPLR (see Matter of Salvano v Merrill Lynch, Pierce, Fenner & Smith, 85 NY2d 173, 180 [1995]; see also Sawtelle v Waddell & Reed, 304 AD2d 103, 107-108 [1st Dept 2003]). Here, petitioner failed to sustain the heavy burden required to vacate an arbitration award, irrespective of whether the CPLR or the FAA is applied (see Kolel Beth Yechiel Mechil of Tartikov, Inc. v YLL Irrevocable Trust, 729 F3d 99, 103 [2d Cir 2013]).
Specifically, petitioner did not make the required showing that the arbitration panel acted in "manifest disregard" of the applicable law, as petitioner failed to establish that the arbitrators "knew of a governing legal principle yet refused to apply it or ignored it altogether" (Wallace v Buttar, 378 F3d 182, 189 [2d Cir 2004]; see also Cantor Fitzgerald Sec. v Refco Sec., LLC, 83 AD3d 592, 593 [1st Dept 2011]). At the hearing, the panel heard evidence of the history between respondent and executives at petitioner's Hong Kong office (which was the office that determined the relevant compensation pool), as well as evidence of how petitioner made decisions regarding employee bonuses. The panel's award, even in light of the applicable law governing discretionary employee bonuses, has at least a "barely colorable justification" (Banco de Seguros del Estado v Mutual Marine Off., Inc., 344 F3d 255, 260 [2d Cir 2003]), which is the only justification required in light of the strong presumption that arbitrators have not acted in manifest disregard of the law (see EB Safe, LLC v Hurley, 832 Fed Appx 705, 707 [2d Cir 2020]). That the panel issued a standard award, which simply announced the result, instead of a reasoned, or explained, award does not change this determination since neither party made a request for an explained decision as required by the FINRA arbitration rules (see D.H. Blair & Co. v Gottdiener, 462 F3d 95, 110 [2d Cir 2006]; CFS 12 Funding LLC v Wiesen, 2023 WL 6458929, *5, 2023 US Dist LEXIS 178883, *15 [SD NY 2023]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 22, 2025