Matter of NRD GP LLC v McCarthy

2026 NY Slip Op 02457

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of NRD GP LLC, et al. Petitioners-Appellants,

v

Colin McCarthy, Respondent-Respondent.

Decided and Entered: April 23, 2026

Index No. 654694/22|Appeal No. 6027|Case No. 2024-06457|

Before: Renwick, P.J., Kennedy, Friedman, Mendez, Hagler, JJ.

McLaughlin & Stern, LLP, Garden City (John M. Brickman of counsel), for appellants.

Morrison & Foerster LLP, New York (Alexandra M. Avvocato of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (John J. Kelley, J.), entered October 2, 2024, awarding respondent the total amount of $1,123,644.48, and bringing up for review an order, same court and Justice, entered on or about July 2, 2024, which denied the petition to vacate a partial final arbitration award, and granted respondent's cross-petition to confirm the award, to the extent appealed from, unanimously affirmed, without costs.

Supreme Court properly upheld the arbitrator's partial final award because petitioners failed to demonstrate that the arbitrator exceeded her power or that the award violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power (CPLR 7511[b]; see American Intl. Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d 64, 70 [2020]). Judicial review of arbitration awards is extremely limited (see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534 [2010]; Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006], cert dismissed 548 US 940 [2006]), and an award will not be overturned merely because a court believes its interpretation of the contract would be better (see Azrielant v Azrielant, 301 AD2d 269, 275 [1st Dept 2002], lv denied 99 NY2d 509 [2003]).

Here, the parties disagree as to how the contract provisions should be interpreted and whether respondent, under the operative agreements, is entitled to an advance of the litigation fees incurred in the arbitration. The arbitrator found that nothing in the employment agreement preempts the operative agreements' advancement right. Supreme Court properly recognized that a court is bound by an arbitrator's factual findings and interpretation of a contract and cannot examine the merits of an arbitration award or substitute its own contractual interpretation. In any event, the arbitrator's interpretation of the contracts did not change the agreements' terms (cf. Kudler v Truffelman, 93 AD3d 549, 550 [1st Dept 2012], lv denied 19 NY3d 815 [2012]), but rather was a rational interpretation of the agreements that the arbitrator was empowered to undertake. Nor did the arbitrator confuse the right to advancement with the right to indemnification. Instead, the arbitrator found that the right to advancement was a distinct right and that a determination of respondent's right, if any, to indemnification would be conducted at the end of the arbitration.

The arbitrator did not exceed her authority under JAMS rule 19(d), which provides that she "may grant whatever interim measures are deemed necessary," which "may take the form" of a partial final award.

[*2]

Finally, the interpretation of the applicable contract terms was within the province of the arbitrator, and the "manifest disregard" standard does not permit review of the arbitrator's interpretation of the parties' contracts even if we were to disagree with the interpretation (see Cantor Fitzgerald Sec. v Refco Sec., LLC, 83 AD3d 592, 593 [1st Dept 2011]). The record does not establish that the arbitrator knew of a governing legal principle yet either refused to apply it or ignored it altogether (see Wien & Malkin LLP, 6 NY3d at 481). On the contrary, it is apparent from a review of the arbitration award that the arbitrator considered the language of the contract and the applicable JAMS Rules as identified by the parties and analyzed both extensively (see Matter of Nexia Health Tech., Inc. v Miratech, Inc., 176 AD3d 589, 591-592 [1st Dept 2019]).

We have considered petitioners' remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026